798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy N. CHADWICK, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; Local 175,
International Brotherhood of Electrical Workers; Local 760,
International Brotherhood of Electrical Workers; M.A.
Williams, Individually and in his official capacity as 12th
District International Vice President of the IBEW; and E.E.
Harvey, individually and in his official capacity as
Business Manager of Local 175, Locals 760 and 270,
Defendants-Appellees.
 No. 84-5894.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1986.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case was brought by plaintiff-appellant, Billy N. Chadwick, pursuant to the Labor-Management Reporting and Disclosure Act (LMRDA), 28 U.S.C. Secs. 401-531 (1982). This suit was initiated in October, 1980 in the United States District Court for the District of Columbia; eventually the case was transferred to the United States District Court for the Eastern District of Tennessee, from which this appeal was taken. The gravamen of Chadwick's complaint is that the "working dues" charged by International Brotherhood of Electrical Workers (IBEW) Local 175, are illegal and that his expulsion from IBEW 760 for failure to pay such dues violated the LMRDA. The district court granted defendant IBEW's motion for summary judgment, upholding the legality of "working dues". We affirm, finding the "working dues" charged by Local 175 to be lawful.
 
 
 2
 The plaintiff joined IBEW in 1969. At that time, he, like all IBEW members, promised in writing that he would "conform to and abide by the Constitution and laws of the IBEW and its local unions." Failure to abide by these terms could result in expulsion from the union. Local 175, like numerous local unions, required "working dues". Typically, IBEW local unions with jurisdiction over electrical construction work charge both "basic dues" and "working dues". Basic dues consist of a flat monthly fee which all members of the local must pay to their local, regardless of where or whether they are working. Working dues consist of a percentage of gross wages which aqn IBEW member must pay to the local in whose jurisdiction he is working, even though such member does not belong to the local. Chadwick, a member of Local 760, refused to pay "working dues" to Local 175, within whose jurisdiction he was working.
 
 
 3
 Working dues have a been a common and accepted practice among labor unions, and do not violate any federal labor law. Zentner v. American Federation of Musicians, 237 F.Supp. 457 (S.D.N.Y.), aff'd per curiam, 343 F.2d 758 (2d Cir.1965). In Zentner, a member of the musicians' union contended that Section 101(a)(3) of the LMRDA prohibited a local union, of which he is not a member, from charging him working dues while he worked in that local's jurisdiction. The court held that:
 
 
 4
 No Federal statute prohibits a local of a national labor organization, when duly authorized by the membership of the latter, from requiring payments of non local members who perform services within its jurisdiction and thereby benefit from the local's activities, particularly where such payments are uniformly applied to its own members.
 
 
 5
 Zentner v. Musicians, 237 F.Supp. at 461.
 
 
 6
 Plaintiff cites no persuasive authority to support his contention that working dues violate federal labor statutes. In conclusion, there is no legal basis as to Chadwick's contention that "working dues" are unlawful. That is the only issue properly before this court on appeal. Accordingly, we affirm the decision below.